```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
---------------------------------------

ALTERRA AMERICAN INSURANCE COMPANY,

              Plaintiff,

  - against -

HERTZ GLOBAL HOLDINGS, INC., ET AL.,

              Defendants.

---------------------------------------

22-cv-4539 (JGK)

MEMORANDUM OPINION AND ORDER

**JOHN G. KOELTL**, District Judge:

    Alterra American Insurance Company ("Alterra"), has filed a renewal of its motion to enjoin a Delaware state court action. See ECF No. 55; Hertz Global Holdings, Inc. v. Alterra America Insurance Company, No. N22C-01-153 (Del. Super. Ct.) (the "Delaware Action"). This Court originally denied that application without prejudice. ECF No. 39. Alterra now moves to renew its application for an injunction because it is displeased with a ruling in the Delaware Action on a motion to dismiss.

                                      I.

    This action concerns insurance coverage sought by Hertz Global Holdings, Inc. ("Hertz") in connection with a proceeding brought by the U.S. Securities and Exchange Commission (the "SEC Proceeding"). Hertz previously brought suit in this Court against its primary insurer, National Union Fire Insurance Company of Pittsburgh ("National Union") and its first excess insurer, U.S. Specialty Insurance Company, seeking insurance

coverage for the SEC Proceeding (Case No. 19-cv-6957) (the "National Union Action"). Judge Nathan dismissed the National Union Action with prejudice in a Memorandum Opinion and Order dated March 30, 2021. Judge Nathan held that the primary insurance policy issued by National Union (the "National Union Primary Policy") did not cover the SEC Proceeding. An appeal of the judgment in the National Union Action is pending before the Second Circuit Court of Appeals.

In the Delaware Action, Hertz is seeking to recover benefits from the plaintiff under the Excess Follow Form Insurance Policy No. MAXA6EL001536 (the "Excess Policy") in connection with the SEC Proceeding. The plaintiff alleges that the Excess Policy follows form to all the terms of the National Union Primary Policy. The plaintiff argues that, in light of Judge Nathan's decision in the National Union Action, Hertz is collaterally estopped from seeking coverage for the SEC Proceeding under the Excess Policy.

## II.

In a statutory interpleader action, a federal court may enjoin other actions seeking a determination of the rights in the stake being contested. See 28 U.S.C. § 2361. Section 2361 constitutes an exception to the Anti-Injunction Act, 28 U.S.C. § 2283, which provides in part that a federal court "may not grant an injunction to stay proceedings in a State court except as

2

expressly authorized by Act of Congress." See <u>District Attorney of N.Y. County v. Republic of Philippines</u>, No. 14-cv-890, 2015 WL 13344113, at *1 n.1 (S.D.N.Y. Apr. 16, 2015). The issuance of an injunction under section 2361 is discretionary. See <u>Koehring Co. v. Hyde Construction Co.</u>, 424 F.2d 1200, 1202 (7th Cir. 1970). In deciding whether to stay a pending proceeding under section 2361, the court should consider whether the interests of the stakeholders will be adequately protected in the pending proceeding. See <u>id.</u> at 1202, 1204.

### III.

Alterra, in its renewed motion, makes largely the same arguments that this Court considered and rejected in Alterra's initial motion to stay and enjoin the Delaware Action.

The plaintiff's primary argument is that the Delaware Action is collaterally estopped by the judgment in the National Union Action. However, the Delaware state court, in its decision on the motion to dismiss, has determined that for purposes of the motion to dismiss Alterra has not shown that the judgment in the National Union Action precludes the Delaware Action. The preclusive effect of a judgment is ordinarily decided in a subsequent action where preclusion is raised; the first court does not dictate the preclusive effect of its own judgment. See <u>Covanta Onondaga Ltd. v. Onondaga Cnty. Res. Recovery Agency</u>, 318 F.3d 392, 397-98 (2d Cir. 2003). In deciding Alterra's

3

initial motion to stay the Delaware Action, this Court noted that the Delaware state court was perfectly capable of determining the preclusive effect of this Court's judgment. While this Court denied the initial application to stay the Delaware Action without prejudice, the Court assumed that there would be no new application without a change in circumstances. Disagreement with the state court's decision in Delaware was not such a change in circumstances.

The plaintiff also argues that the Delaware court incorrectly applied Delaware law in adjudicating the Delaware Action, instead of applying New York law as Judge Nathan did in the National Union Action. However, that is an insufficient basis to support a remedy as significant as injunction of a state court proceeding.

Moreover, the proper avenue for the plaintiff who is displeased with the decision of the state court is to seek reconsideration by the state court, further relief in that court or, if necessary, an appeal in the state court.

### IV.

Even construed as a motion for reconsideration, Alterra has not shown that it is entitled to reconsideration of this Court's original decision. Reconsideration of a previous Opinion of the Court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial

4

resources." In re Beacon Assocs. Litig., 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011).[1] To succeed on a motion for reconsideration, the movant carries a heavy burden. The movant must show "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Doe v. N.Y.C. Dept of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983). "A motion for reconsideration is not an opportunity for making new arguments that could have been previously advanced." Liberty Media Corp. v. Vivendi Universal S.A., 861 F. Supp. 2d 262, 265 (S.D.N.Y. 2012). Moreover, the "decision to grant or deny a motion for reconsideration rests within the sound discretion of the district court." Vincent v. The Money Store, No. 03-cv-2876, 2014 WL 1673375, at *1 (S.D.N.Y. Apr. 28, 2014).

Dissatisfaction with the state court decision in Delaware is an insufficient basis for an injunction from this Court. Further, no additional facts have been alleged in Alterra's renewed motion, nor has Alterra indicated other cases that support a finding of reconsideration. The application is **denied.**

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

5

## CONCLUSION

The Court has considered all the arguments of the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. The plaintiff's renewed motion to stay or enjoin proceedings is **denied**. The Clerk is directed to close Docket No. 55.

**SO ORDERED.**

Dated: New York, New York
November 9, 2022

_____
John G. Koeltl
United States District Judge